NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000553
26-OCT-2012
10:39 AM**

NO. CAAP-11-0000553

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STEVEN C. WILLIS, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(S.P.P. NO. 10-1-0008)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Petitioner-Appellant Steven C. Willis (Willis) appeals from the Order Denying Petitioner's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, entered on July 6, 2011 in the Circuit Court of the Third Circuit (circuit court).[1]

On January 6, 2003, Willis was charged by Amended Complaint with:

Count I - Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-715(1) and 707-716(1)(d) (1993)

Count II - Terroristic Threatening in the First Degree, in violation of HRS § 707-715(1) and 707-716(1)(d)

Count III - Terroristic Threatening in the First Degree, in violation of HRS § 707-715(1) and 707-716(1)(d)

---

[1] The Honorable Glenn S. Hara presided.

Count IV - Terroristic Threatening in the First Degree, in violation of HRS § 707-715(1) and 707-716(1)(d)

Count V - Terroristic Threatening in the First Degree, in violation of HRS § 707-715(1) and 707-716(1)(d)

Count VI - Unauthorized Entry into a Motor Vehicle, in violation of HRS § 705-500(1)(b) and 708-836.5 (1993 and Supp. 1996)

Count VII - Assault in the Second Degree, in violation of HRS § 707-711(1)(a) (1993)

Count VIII - Robbery in the Second Degree, in violation of HRS § 708-841(1)(a) (1993)

Count IX - Assault in the Second Degree, in violation of HRS § 707-711(1)(a)

Count X - Assault in the Third Degree, in violation of HRS § 707-712(1)(a) (1993)

Count XI - Terroristic Threatening in the Second Degree, in violation of HRS § 707-715(1) and 707-717(1) (1993).

On January 6, 2003, Willis signed a written Guilty Plea and pled guilty to the 11 charges in the Amended Complaint. On March 10, 2003, a Judgment was entered which found Willis guilty and sentenced him to a 5-year term of probation. On September 20, 2007, an Order of Resentencing/Revocation of Probation was issued, Willis's probation was revoked, and Willis was resentenced to 5 years imprisonment for Counts 1, 2, 3, 4, 5, and 6 (concurrently to each other), 10 years imprisonment for Count 8 and 5 years imprisonment for Count 9 (concurrent with Counts 1 to 6), and 5 years imprisonment for Count 7 (consecutive to Counts 1 to 6, 8, and 9).

On September 23, 2010, Willis filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Petition) which stated two grounds for relief; (1) that he did not plead guilty to the charges and (2) that he received ineffective assistance of counsel because his counsel failed to raise the issue of his failure to plead guilty to the charges.

On December 27, 2010, Willis filed a Supplement to Hawai'i Rules of Penal Procedure Rule 40 Petition which stated additional claims and arguments for relief. Willis claimed that his plea was not an understanding and knowing plea because in exchange for his plea, "his offenses would be consolidated into an amended complaint that would then make [Willis] eligible for probation. [Willis] also understood that should probation ever be revoked, the amended complaint adjudicating all offenses at one time would eliminate the possibility of consecutive sentences. Thus, [Willis] believed that he would only be subject to a maximum ten year term of incarceration." Willis further claimed that the State breached the terms of the plea agreement by obtaining sentences that were consecutive. Willis contended that by consolidating the charges into an amended complaint, he would not be considered a repeat offender and the court could not impose consecutive sentences.

On July 6, 2011, the circuit court issued an order denying the Petition.

On appeal, Willis contends that the circuit court erred by denying his Petition because (1) at his change of plea hearing he was misled about the ramifications of his guilty plea and, therefore, he did not knowingly and voluntarily enter into his guilty plea and (2) there was no lawful basis to impose a five year term of imprisonment consecutive to a ten year term of imprisonment.

Specifically, Willis claims that based upon his colloquy with the court and agreement with the State to consolidate eleven charges against him that "there would be no basis whatsoever for the Court to then select some other option by imposing a prison sentence which involved more than one of the charges." Willis also argues that according to his agreement with the State, he would be eligible for probation and that he would not be deemed a repeat offender, therefore, his consecutive sentence was improper.

3

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Willis's points of error as follows:

In his points of error on appeal, Willis provided no citation to (1) where the alleged error occurred in either the S.P.P. proceeding or his underlying case or (2) where the alleged error was objected to or the manner in which it was brought to the attention of the court in the S.P.P. proceeding. Therefore, Willis's claims on appeal are waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(4)(ii) and (iii). Even if Willis's points of error on appeal are not waived, they are without merit.

The record reflects that Willis approved of two cases being consolidated and two additional misdemeanor charges being added to an Amended Complaint. The record further shows that Willis was informed that the maximum sentence for all eleven charges was 52 years imprisonment if all sentences were imposed consecutively, not including extended terms. The record also demonstrates that Willis was advised that the circuit court was not bound by any agreement between him and the State when imposing a sentence. Therefore, Willis's claim that he could only be sentenced for one charge is without merit.

Willis's second point of error on appeal that he would be eligible for probation and would not be deemed a repeat offender is also without merit. The record reflects that Willis was initially sentenced to probation. Willis's probation was revoked and he was resentenced to consecutive sentences allowed under HRS § 706-668.5 (1993). Therefore, Willis's consecutive sentence was not imposed as a result of his plea agreement with the State nor being deemed a repeat offender under HRS § 706-606.5 (Supp. 2005).

Therefore,

IT IS HEREBY ORDERED THAT the July 6, 2011 Order Denying Petitioner's Petition to Vacate, Set Aside, or Correct

Judgment or to Release Petitioner from Custody entered in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 26, 2012.

On the briefs:

Ivan L. Van Leer,
for Petitioner-Appellant.

Presiding Judge

Mitchell D. Roth,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Respondent-Appellee.

Associate Judge

Associate Judge

5